## WILKINS v. LEE.

1. CHATTEL MORTGAGE—AGREEMENT TO SHIP—CASE CRITICISED.—To secure advances, defendant gave to plaintiffs a bill of sale of certain chattels, and further agreed to ship to plaintiffs, to be sold on commission, "all naval stores and cotton produced," which would be delivered on demand of plaintiffs, the above property to stand for any balance due. *Held,* that there was no mortgage of the naval stores. Whilden & Co. *v.* Pearce, 27 S. C., 44, followed.

2. CLAIM AND DELIVERY—OTHER CLAIMANT.—Where plaintiffs in claim and delivery take possession of the property, and the defendant by his answer disclaims title, alleging ownership in a third party under an assignment for creditors, judgment should not be rendered in favor of the defendant for the return of the property, or the payment of its value, without the presence of such third party, whom the court should direct to intervene.

3. OFFSETTING JUDGMENTS—ORAL JUDGMENT.—Error will not be declared in the refusal of the Circuit Judge to offset a judgment for defendant in claim and delivery against a judgment for plaintiffs on account, where (1) defendant's judgment was erroneous by reason of the absence of a proper party, (2) the judge's ruling was merely oral, and (3) one judgment was *in rem* and the other *ex contractu.*

Before HUDSON, J., Florence, May, 1893.

Two actions by E. L. Wilkins and G. A. Norwood, jr., partners as G. A. Norwood & Co., against H. B. Lee. The first was an action for claim and delivery of all the property embraced in the following instrument:

"Know all men by these presents that I, H. B. Lee, of the said county, in consideration of the sum of four thousand 00-100 dollars to me advanced in balance of 1890, cash and supplies and fertilizers, by G. A. Norwood & Co., of Charleston County, said State, have bargained and sold unto the said G. A. Norwood & Co. the following personal property: (2) two wagons and harness, (4) four mules, Gage, Kit, Bill and Doll,

(5) five mules to be bought and one wagon and harness, (1) one still and all connections, including tools, scales. I agree to ship all naval stores and cotton produced and bought or handled by me to G. A. Norwood & Co. during the years 1890, 1891 and 1892, all to be sold on regular factor's charges and commissions now in my possession, and which I promise to deliver on demand of the said G. A. Norwood & Co. The above property shall stand good for any balance against me at any time, as shown by books of G. A. Norwood & Co. In witness whereof I have hereunto set my hand and seal, this seventeenth day of December, A. D. 1890.

"Witness, W. E. Smith.              [L. S.] H. B. Lee."

Under proceedings in this case, the plaintiffs, by the sheriff, took from the possession of the defendant, on the 21st day of December, 1891, the property mentioned in the foregoing instrument, including the naval stores therein referred to. The defendant contended: 1st. That the mortgage debt had been paid.   2d. That the instrument of writing did not carry the naval stores to the plaintiffs, and that against them he was entitled to hold possession.    Before the commencement of the action, the defendant on December 15th, 1891, made a general assignment for the benefit of his creditors to R. E. McKnight, conveying by deed, for that purpose, all his property, including the property in dispute.    This deed was recorded in the proper office December 22d, 1891.    R. E. Mc-Knight, assignee, on December 24th, 1891, gave to E. W. Johnson, the sheriff, notice of this assignment, and made claim to the property in the hands of the sheriff, as provided by section 237 of the Code.    The property mentioned in the bill of sale has all been sold by the plaintiffs, and there was no dispute about the value.    The rosin was worth, and sold for, $382.50. The plaintiffs combatted both propositions of the defendant above stated, and insisted that Lee could not recover the property after he had made a general assignment.

The decree of the judge was as follows:

A trial by jury having been waived by agreement of counsel in open court, this cause came on to be heard by me upon the pleadings and the testimony admitted on both sides. The sheriff, by direction of the plaintiffs in this case, on the 21st day of December, 1891, took into his possession all of the chattels

mentioned in the mortgage made by the defendant to the plaintiffs on the 17th day of December, 1890, including three hundred barrels of rosin valued at $382.25. Under the terms of this mortgage, it having been established by the account admitted that there is a large amount due upon the mortgage debt from the defendant to the plaintiffs and default has been made, the plaintiffs are entitled to recover of the defendant the possession of the three wagons and harness, nine mules, one still and fixtures, connections and tools. The language of the mortgage in relation to the naval stores is insufficient to carry the same to the plaintiffs, there being no words of conveyance employed for that purpose. On the 15th day of December, 1891, the defendant made and executed to R. E. McKnight a deed of assignment for the benefit of his creditors, and under the terms of this deed the said naval stores then became the property of the said R. E. McKnight, for the purposes in said trust deed recited, and as against the plaintiffs the defendant is entitled to the possession of the same. Therefore, it is adjudged, that the plaintiffs have and retain possession of the three wagons and harness, nine mules, and one still and fixtures, so seized by the sheriff, and that the defendant recover of the plaintiffs the possession of three hundred barrels of rosin, or the sum of three hundred and eighty-two 25-100 dollars, the value thereof, in case the delivery of the same cannot be had.

The second case was an action on account, in which the plaintiffs recovered judgment against the defendant for the sum of $7,723.29. This case was also heard at the same time by the court without a jury. After judgment had been rendered in each case, an oral motion was made by plaintiffs in open court to set off the judgment in favor of the plaintiffs against the judgment in favor of the defendant against the plaintiffs. The judge, in an oral opinion, refused the motion, on the ground that one of these judgments could not be set off against the other.

*Messrs. Woods & Willcox,* for appellants.

*Mr. Thos. M. Gilland,* contra.

3—42

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The first entitled action, being one for claim and delivery to recover possession of 300 barrels of rosin, worth $382.50, came on for trial before Judge Hudson at Florence. A trial by jury being waived, it was heard and decided by the judge.

It seems that plaintiffs based their right to the property upon an instrument in writing. The defendant denied that the instrument relied upon by the plaintiffs vested the property in plaintiffs, and as a further defence set up that he had assigned his whole estate (including these 300 barrels of rosin) to one R. E. McKnight, for the benefit of his creditors, before this action was commenced. The Circuit Judge held that plaintiffs could not set up their instrument of writing as a mortgage, and gave judgment for defendant for the return to him by plaintiffs of the 300 barrels of rosin; but in case this could not be done, then he adjudged that plaintiffs pay to the defendant $382.50 as their value.

The second action of plaintiffs was to recover the sum of $7,723.29 from the defendant, by reason of his indebtedness to plaintiffs on account for that amount. A jury trial having been waived, the Circuit Judge (Judge Hudson) heard the same, and adjudged that the plaintiffs recover of defendant the sum of $7,723.29. No appeal is taken from this judgment. But the plaintiffs having made an oral motion before the judge to allow the plaintiffs to satisfy defendant's judgment for $382.50, by crediting that amount on plaintiffs' judgment for $7,723.29, the judge refused to make such an order, but did not reduce his refusal to writing.

Therefore, the plaintiffs appeal from the first judgment: 1. Because the judge erred in holding that the naval stores of defendant were not covered by the bill of sale of the plaintiffs. 2. The judge erred in holding that the defendant, H. B. Lee, could recover the naval stores, or their value, after he had made a general assignment for the benefit of his creditors.

We think the Circuit Judge was correct in his interpretation of the instrument of writing, executed by H. B. Lee to the plaintiffs, when he held that thereunder there was no mort-

gage of the 300 barrels of rosin. The language used in that instrument affecting the naval stores of which the 300 barrels of rosin was a part, is so nearly identical with that used by Pierce to W. W. Whilden & Co., which latter was passed upon by this court in the case of *Whilden & Co. v. Pearce*, 27 S. C., 44, that we do not deem it necessary to say more than that such decision is conclusive of the present question; but we think the Circuit Judge erred in granting a judgment in favor of the defendant, H. B. Lee, for the return of the 300 barrels of rosin, or in case that could not be done, then that the plaintiffs pay to him the value of such rosin, to wit: $382.50. The defendant in his answer averred that he was not the owner of this property, but set up that his assignee, R. E. McKnight, was such owner. The judgment in every case should be responsive to the pleadings. It would operate as a great hardship to these plaintiffs to pay Lee $382.50, and then afterwards be required to pay the true owner, R. E. McKnight, a similar amount on the same cause. While, therefore, we sustain the judge in holding that this property did not belong to the plaintiffs, still under the pleadings he ought, of his own motion, to have required R. E. McKnight to intervene by petition, setting up his claims to the property in dispute, or in the event it could not be restored by plaintiffs, to its value, $382.50. And accordingly we shall by our order remand the cause to the Circuit Court, to the end that R. E. McKnight, as assignee, may by its order be required to come in as a party to this cause.

So far as the two grounds of appeal numbered 3 and 4—which are as follows: 3. The judge erred in holding that the judgment of the defendant for the rosin, or $382.50, the value thereof, could not be set off against the judgment of the plaintiffs for $7,723.20. 4. The judge erred in holding that the court could not set off the judgment on the account, $7,723.20, against the judgment for $382.50 in the action for claim and delivery—are concerned, they must be dismissed: First, because of our foregoing conclusion that McKnight, as assignee, should be made to intervene as a party. Second, because there is no valid determination of the question here suggested by the Circuit Judge. His oral refusal cannot

be reviewed here. Third, if such oral refusal could be reviewed, the judgments involved are not in the same plight—one *in rem*, the other *ex contractu*.

It is the judgment of this court, that the judgment of the Circuit Court in the first case cited be reversed, and that it be remanded to the Circuit Court to carry out the views hereinbefore expressed by its order making R. E. McKnight, as assignee of the estate of H. B. Lee, a party defendant. And it is the judgment of this court, that the judgment of the Circuit Court in the second case cited by its title hereinbefore be affirmed.